Argued November 28, affirmed December 8, 1972, petition
for rehearing denied January 10, petition for
review denied April 17, 1973

STATE OF OREGON, *Respondent, v.*
TERESA WILLIAMS (No. C-72-06-1832),
*Appellant.*

503 P2d 1254

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction on jury trial of prostitution. ORS 167.007.[①] She gave written notice before trial of intent to rely upon the defense of entrapment. There is entrapment if

"(1) * * * the actor * * * was induced * * * by a law enforcement official * * * [to do the illegal act] for the purpose of obtaining evidence * * *.

"(2) * * * '[I]nduced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. Merely affording * * * opportunity to commit * * * [is] not * * * entrapment." ORS 161.275.

Defendant offered no evidence, but through the metropolitan public defender, demanded a jury instruction that the state was required to disprove entrapment. The defender urged that the written notice of intent raised the defense and thereafter there was no need of evidence in support of it in order to submit it to the jury, citing ORS 161.055:

"(1) When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) * * * is raised at trial, the state has the burden of disproving * * *.

"* * * * *

---

① ORS 167.007 provides:

"(1) A person commits the crime of prostitution if he engages in or offers or agrees to engage in sexual conduct in return for a fee.

"(2) Prostitution is a Class A misdemeanor."

"(3) The state is not required to negate * * * [under] subsection (1) * * * unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of trial * * *."

The trial court ruled that unless some evidence in support of the defense were offered, no instruction should be given, and refused the demand. On appeal, the state public defender correctly concedes the trial court's ruling was proper, but urges that the state's evidence supported the defense; therefore, the instruction should have been given. The evidence was, essentially, that an officer in civilian garb approached defendant in a public place where she was walking in the early morning hours and greeted her. She responded, asking him if he wanted a "date" and after his affirmance asked how much money he had. He responded "$24," and she got in his vehicle, and, *inter alia,* asked him what he wanted; he said "BJ" (meaning oral sodomy), she said "O.K." and the arrest followed. This is not evidence of entrapment.

Affirmed.