Argued and submitted April 5, reversed and remanded May 17, 2023

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CESAR ANTONIO SOLIS,
*Defendant-Appellant.*

## Washington County Circuit Court
21CR12624; A176285

530 P3d 537

Defendant appeals from his convictions, after a jury trial, of eight counts of sexual abuse in the first degree and one count of rape in the third degree, contending that the prosecutor made improper statements during rebuttal closing argument that improperly shifted the burden to defendant to prove that his confessions to the crimes were false, and that the trial court therefore erred in overruling defense counsel's objections and in denying his request for a curative instruction. *Held*: The Court of Appeals held that the trial court abused its discretion in overruling defendant's objection to the prosecutor's statement that defendant had failed to present evidence to support his contention that his confession was false, and in declining to give a curative instruction, because the prosecutor's statement improperly shifted the burden to defendant. The trial court's abuse of discretion in overruling defendant's objection resulted in the denial of a fair trial; thus, defendant's convictions must be reversed.

Reversed and remanded.

Eric Butterfield, Judge.

Bear Wilner-Nugent argued the cause and filed the briefs for appellant.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant appeals from his convictions, after a jury trial, of eight counts of sexual abuse in the first degree, ORS 163.427, and one count of rape in the third degree, ORS 163.355. He asserts that the prosecutor made improper statements during rebuttal closing argument that constituted improper burden shifting, and that the trial court therefore erred in overruling defense counsel's objections to the argument and in denying his request for a curative instruction. We conclude that the trial court abused its discretion in overruling defendant's objections, *see State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019) (describing abuse of discretion standard of review), and that the abuse of discretion resulted in the denial of a fair trial. We therefore reverse and remand defendant's convictions.

The charges arise out of alleged sexual contact over a period of four years between defendant and the daughter of his mother's partner, beginning when the victim was approximately seven years old and defendant was approximately 13 years old. Defendant made many statements to investigators that could be characterized as admissions or confessions.

Defendant's theory at trial was that his confessions were false, the result of defendant's mere acquiescence to leading statements made by the investigating detective, and that there were reasons other than guilt to explain why someone accused of a crime might be tempted to so acquiesce. In closing argument, in urging the jury to reject defendant's confessions, defense counsel argued:

> "You get to bring your common sense and reason into the deliberation room and you know that false confessions happen. You know that people cop to things that they didn't do. People have their reasons."

In rebuttal, the prosecutor responded that a false confession is "not something that's so common, so pervasive in our culture that it's just a thing that everybody knows about." The prosecutor then argued,

> "What evidence, what evidence in this case is there that this is a false or that false confessions is a thing at all?"

Defense counsel objected, but the trial court overruled the objection. The prosecutor continued:

> "So, I anticipated that. Here's the thing. I want to be crystal clear. It is one hundred percent my burden to prove my case beyond a reasonable doubt. Right? Those nine crimes that the defendant is charged with, I have to prove them. A hundred percent. Now, if the defense wants to sell you on a false confession, where's the evidence of that? Did you hear from—"

Defense counsel again objected, but the trial court again overruled the objection. The prosecutor continued:

> "Did you hear from an expert? A psychologist? Did you hear from anybody at all? Was there ever, from this witness stand, a single peep on the topic of false confessions? No. There is zero evidence. Zero evidence in this case for you to come to that conclusion. And when the defendant—defense counsel says, 'You know it happens,' I would say, no, you don't. No, you don't. And *if that's something that he wanted you to consider, he would have had to give you some evidence on it* and there is nothing."

(Emphasis added.)

After the jury retired to deliberate, defense counsel renewed his objection:

> "I objected during three points during the rebuttal closing argument to Counsel's comments regarding the defense not presenting evidence regarding a false confession. Which is burden-shifting. It also improperly invites the jury to draw inferences from evidence not entered against the * * * defense. And so * * * my motion would be for those comments to be stricken from the record, for the jury to be instructed to disregard them and for further curative instructions to be issued to the jury."

The court again overruled the objection and denied defendant's request for a curative instruction.

On appeal, defendant assigns error to the trial court's overruling of his objections to the prosecutor's rebuttal argument, which he asserts was improper. We readily conclude that the italicized statement was improper, because it led the jury to believe that it was defendant's burden to put on evidence that his confession was false before the jury

could consider that issue. It was for the jury to weigh the credibility of defendant's confessions, but defendant had no burden to put on evidence of their falsity. By suggesting that defendant was required to present evidence to show that his confessions were false, the prosecutor distorted the burden of proof. The court's generic instructions did not cure the misrepresentation. *See State v. Mayo*, 303 Or App 525, 538, 465 P3d 267 (2020) (explaining that "the court's generic instructions, while clarifying that the state bore the ultimate burden of proof, failed to specifically inform the jury that defendant need not present witnesses to corroborate his testimony to create a reasonable doubt as to whether he had knowledge of the drugs in his backpack").

We conclude, further, that the trial court abused its discretion in overruling defendant's objection and should have taken corrective action. *See State v. Chitwood*, 370 Or 305, 311-12, 518 P3d 903 (2022) (describing abuse of discretion standard on review of trial court's ruling in response to objection to improper prosecutorial argument); *see also Mayo*, 303 Or App at 530 (a trial court's overruling of an objection to improper prosecutorial argument is reviewed for an abuse of discretion).

We cannot say that the trial court's abuse of discretion was harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (Under Article VII (Amended), section 3, of the Oregon Constitution, we must affirm despite error if there is "little likelihood that the particular error affected the verdict[.]"). Without a corrective instruction, the prosecutor's misstatement of the burden of proof as to the credibility of defendant's confessions denied defendant a fair trial. *See Chitwood*, 370 Or at 311 (under abuse of discretion standard of review, question is whether the trial court's ruling in response to objection to improper prosecutorial argument denied the defendant a fair trial). Thus, we conclude that the error was not harmless, reverse defendant's convictions, and remand for further proceedings. In light of our conclusion, we do not address defendant's remaining assignments of error.

Reversed and remanded.