***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 25, reversed and remanded July 26, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHANIE KAY ALVARADO,
fka Stephanie Kay Terry,
*Defendant-Appellant.*

Coos County Circuit Court
21CR09782; A177034

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Defendant appeals from a judgment of conviction entered after a jury trial for unauthorized use of a vehicle, ORS 164.135, and raises two assignments of error. In the first assignment of error, she argues that the trial court erred when it allowed the prosecutor to impermissibly shift the burden of proof during rebuttal closing argument. We agree and reverse and remand.[1]

The state charged defendant with temporarily taking a vehicle from her ex-husband's trucking company without permission. Defendant testified that she did not know that she did not have permission to use the truck. The prosecutor argued in rebuttal that the jury should disbelieve defendant's story because, among other reasons, she failed to subpoena witnesses or provide physical evidence in support of her testimony. Defendant argued that the prosecutor's statements impermissibly shifted the burden of proof to her.

On appeal, defendant argues, and the state concedes, that the prosecutor's comments were improper.[2] We agree with and accept the state's concession. There are only "two limited circumstances in which a prosecutor is permitted to comment on a defendant's failure to present or contradict evidence." *State v. Mayo*, 303 Or App 525, 531, 465 P3d 267 (2020) (citation, internal quotation marks, and brackets omitted). Those circumstances are (1) affirmative defenses, and (2) when the defense has raised an issue on which the defendant bears the initial burden of production but fails to present any evidence. *Id.* at 532. Because neither of those circumstances were present in this case, we agree that the trial court erred in allowing the prosecutor to argue about defendant's failure to subpoena witnesses or otherwise produce evidence to corroborate her testimony.

---

[1] Our resolution of the first assignment of error obviates our need to reach the second assignment of error.

[2] The state maintains that the prosecutor's argument that defendant could have subpoenaed one of the employees from the trucking company was proper rebuttal in light of defendant's closing argument. Even assuming that that comment was proper, as we explain below, the other impermissible comments require reversal.

The state nevertheless contends that the error was harmless because the trial court correctly instructed the jury four different times that the state bore the burden of proving defendant guilty beyond a reasonable doubt, and that instruction was echoed by both the prosecutor and defense counsel. We disagree. As we recently held in a similar case, generic instructions on the burden of proof are not enough to counteract this type of improper argument when they do not specifically inform the jury that the defendant does not need to corroborate their testimony to create reasonable doubt. *See State v. Skotland*, 326 Or App 469, 482, 533 P3d 55 (2023) ("[W]e note that the court's instructions at the beginning and the end of the case discussed the burden of proof generally, but like in *Mayo*, they did not clarify that defendant did not need to corroborate his testimony to create reasonable doubt as to whether he knew he was a felon.").

The state also urges us to conclude that the error was harmless because the prosecutor's improper comments were only a brief part of rebuttal and were both preceded and followed by permissible argument that defendant's testimony was contradicted by other evidence. However, the prosecutor's comments "improperly undercut defendant's credibility in a case in which credibility was key." *Mayo*, 303 Or App at 539. Given that the defense theory was that the state had failed to prove that defendant knew she did not have permission to take the vehicle, the prosecutor's improper arguments encouraging the jury to disregard defendant's testimony as uncorroborated were "harmful to the main theory of defendant's case." *Skotland*, 326 Or App at 482. Accordingly, we cannot conclude that there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

Reversed and remanded.