Argued and submitted July 6, reversed and remanded October 18, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CASEY JAY SCHNEIDER,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR79747; A176556

538 P3d 1233

Defendant appeals from a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427. On appeal, defendant contends that the prosecutor made certain statements during closing argument that improperly shifted the burden of proof and/or production onto defendant, and that the trial court erred in overruling his objection to the prosecutor's argument. *Held*: The trial court erred when it overruled defendant's objection to the prosecutor's statements during closing argument. The prosecutor's statements carried a realistic possibility of confusing the jurors about the ultimate standard or burden of proof because those statements improperly suggested that defendant had a burden to prove that his version of events was true to create reasonable doubt about whether the sexual contact had occurred. That error was not harmless because it related to the core of defendant's defense.

Reversed and remanded.

Katherine E. Weber, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Defendant appeals from a judgment of conviction entered after a jury trial for two counts of first-degree sexual abuse, ORS 163.427. Defendant asserts that the prosecutor made certain statements during closing argument that "improperly shifted the burden of production" onto defendant, and that the trial court erred in overruling his objection to the argument. We agree. And because we further conclude that the error was not harmless, we reverse and remand.

## FACTS

Although the primary issue is a legal one and the facts related to that issue largely procedural, the assessment whether any error was harmless requires a description of facts that are relevant to that question. The charges against defendant arose out of alleged sexual-contact between defendant and the two complainants, K and W. At the time of the alleged abuse, K and W were approximately 10 and eight years old, respectively, and defendant was in a relationship with their mother.

K and W disclosed the alleged abuse to their mother and K also disclosed the alleged abuse to her aunt. Both children then underwent interviews with a forensic examiner at the Children's Center. During these recorded interviews, K and W described how defendant had allegedly abused them. Additionally, both K and W disclosed during the interviews that they knew that their friend had been sexually abused by a member of her family. K further disclosed that her mother and her aunt had told her that they too were victims of sexual abuse. During the interview, K also discussed that she had seen some movies with her mother that included sexually explicit content including sexual abuse.

At defendant's jury trial, both children testified that defendant had sexually abused them. Their mother and their aunt also both testified about the children's disclosures. Defendant testified and denied abusing the children. Defendant's theory—conveyed to the jury during closing argument—was that K and W must have been influenced to make false disclosures of abuse due to their prior

sexual knowledge or because they had been influenced by the knowledge that their mother, aunt, and friend had all experienced sexual abuse.

To rebut that theory, during the state's closing argument, the prosecutor argued that the jury should disbelieve the defense's theory that the abuse was an "implanted memory from prior sexual knowledge or from influence of other people or an adopted trauma from one kid to another." In so arguing, the prosecutor made several statements that form the basis of this appeal:

"[PROSECUTOR]:   The Defense wants you to believe that [K] made this allegation because of the influences in her life. That because she talked to [her friend] about her abuse, that it somehow influenced her memory or her disclosure. We don't have any evidence of that. If it did, how, when, why? [The friend] was interviewed, and if there was anything relevant or admissible, you would have heard it.

"[K's aunt], the Defense wants you to believe that because [K's aunt] asked [K] questions about the abuse and told [K] about her own abuse when [K] disclosed, that [K] was somehow influenced by that.

"They also want you to believe that [K's mother] somehow influenced her. [K's mother] may or may not have asked a suggestive question or told [K] that she'd been abused herself, and that somehow influenced [K], after the fact. That doesn't make any sense, because [K's mother] didn't even want this information out.

"*The Defense had the opportunity to cross-examine both [the mother and the aunt] and [W] and [K] about those conversations to find out if those things occurred and they didn't take that opportunity.*"

(Emphasis added.)

At that point, defendant objected and argued that the state was "shifting [its] burden to prove this case to the defense." During the course of defendant's objection, defendant also expressed his opposition to text that was apparently being displayed on the state's slideshow presentation that referred to an additional witness that defendant "could have subpoenaed as well."

The court overruled defendant's objection. The prosecutor continued:

> "Again, they had the opportunity to cross-examine those people and they didn't on those issues.
>
> "The Defense is right, the State has the burden of proof. We have the burden of proof to put on the evidence and to prove the case beyond a reasonable doubt. The Defendant is not required to put on any evidence, but they did. They put on a case. *The Defense has the same subpoena power as the State*."

(Emphasis added.)

The jury convicted defendant of two counts of first-degree sexual abuse.

On appeal, defendant argues that the trial court erred when it overruled his objection to the prosecutor's statements during closing argument. More specifically, defendant contends that the italicized portions of the prosecutor's statements above "improperly shifted the burden of production because the comments suggested that the defendant had a burden to disprove an element of the offense or subpoena witnesses to support his theory of the case." The state concedes that the prosecutor's statements were improper but argues that the error was harmless. As explained below, we agree with the parties that the trial court erred in overruling defendant's objection to the prosecutor's statements but disagree with the state that that error was harmless.

## STANDARD OF REVIEW

Generally, "[w]e review a trial court's decision to overrule an objection to closing arguments for abuse of discretion." *State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019). "However, when the court's decision to limit argument is based on a legal determination, as it was in this case, we review the court's decision for legal error." *State v. Sanchez-Cacatzun*, 304 Or App 650, 660, 468 P3d 964 (2020), *rev den*, 367 Or 559 (2021). We view statements made during argument in context and not in a vacuum. *Totland*, 296 Or App at 531. If our review reveals that "an argument was improper, properly challenged, and

likely to prejudice the jury unfairly," then we must reverse. *Id.* (internal quotation marks and brackets omitted).

## LEGAL ANALYSIS

Axiomatically, the presumption of innocence is a cornerstone of our judicial system. Under that presumption, "the law presumes every defendant upon trial charged with crime to be innocent[.]" *State v. Rosasco*, 103 Or 343, 357, 205 P 290 (1922). Accordingly, the burden is thus placed on the prosecution to "prove by evidence to the satisfaction of the trial jury beyond a reasonable doubt[] that the defendant committed the crime charged in the indictment." *Id.*

Consistent with that bedrock principle, a prosecutor "may attempt to persuade the jury that it should believe one version of events and not another." *State v. Purrier*, 265 Or App 618, 620-21, 336 P3d 574 (2014). However, a prosecutor may not "inappropriately characterize the jury's fact-finding function in a manner that raises some realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *Id.* at 621.

We have thus previously recognized that there are only "two limited circumstances in which a prosecutor is permitted to comment on a defendant's failure to present or contradict evidence." *State v. Mayo*, 303 Or App 525, 531, 465 P3d 267 (2020) (internal quotation marks and brackets omitted). The first circumstance is when a defendant raises an affirmative defense, such as an extreme emotional disturbance defense. *State v. Skotland*, 326 Or App 469, 478, 533 P3d 55 (2023). That is because a defendant bears "both the burden of production and persuasion on that issue." *Mayo*, 303 Or App at 532. Because a defendant bears those burdens, when a prosecutor comments on a defendant's failure to present evidence in support of an affirmative defense, there is no realistic possibility of confusing jurors about the ultimate standard or burden of proof. *Id.*

The second exception is when a defendant raises a defense where the defendant "bears the initial burden of production, but fails to present any evidence, (*e.g.*, an alibi defense)." *Skotland*, 326 Or App at 478 (internal quotation marks and brackets omitted). In that circumstance, when

a defendant decides to raise a defense, such as an alibi, and when a prosecutor comments on a defendant's failure to present evidence in support of that defense, there is no realistic possibility of confusing jurors about the ultimate standard or burden of proof because "the defendant has voluntarily assumed some burden of production by raising a 'defense,' under ORS 161.055(3)." *Mayo*, 303 Or App at 533.

We recently revisited the question of burden shifting in *Skotland*, describing the circumstances in which a prosecutor can and cannot comment on a defendant's failure to present corroborating evidence. In that case, the defendant was convicted of a variety of crimes, including unlawful purchase of a firearm, after he attempted to purchase a firearm despite having prior felony convictions. *Skotland*, 326 Or App at 470. Part of the defendant's defense was that, because he had been working with an attorney to get his record expunged, he lacked the requisite knowledge of whether he had a felony conviction that precluded him from purchasing a firearm (an element of establishing unlawful purchase of a firearm). *Id.* at 471-72. However, during cross-examination, the defendant would not identify the attorney who had assisted him and testified that he did not have copies of the expungement paperwork. *Id.* at 472.

Before closing arguments, the defense attorney made a preemptive objection to prevent the state from making a burden-shifting argument. *Id.* In response, the trial court ruled that it would be permissible for the prosecutor to argue that the defendant "could have" presented certain evidence "if [the defendant] wanted to *** because [the defendant] was asked about that" evidence. *Id.* at 479-80. During closing argument, the prosecutor made statements insinuating that "defendant 'could have' presented corroborating evidence by answering [particular] questions on cross[] examination." *Id.* at 480.

On appeal, we held that the trial court erred because that line of argument permitted the prosecutor to improperly shift the burden of proof to the defendant. *Id.* at 480. More specifically, we explained that "[b]y suggesting that defendant 'could have' presented corroborating evidence by answering the prosecutor's questions on cross[]

examination, the trial court allowed the state to 'suggest that defendant had the burden' to produce that corroborating evidence 'to prove that his version of events was true, to create reasonable doubt about his knowledge' of his felon status." *Id.* (quoting *Mayo*, 303 Or App at 537 (brackets omitted)). We further explained that it was error for the trial court to allow the state to make this suggestion because the defendant "had no burden" to present any evidence on that issue. *Id.*

Here, as in *Skotland*, the prosecutor's statements pointing out that defendant "didn't take [the] opportunity" to cross-examine witnesses or to subpoena certain individuals allowed the prosecutor to argue that defendant "could have," but did not, present certain evidence to support his theory of defense. In doing so, the trial court permitted the state to suggest that defendant had the burden to prove that his version of events was true, to create reasonable doubt about whether he had subjected the children to sexual contact. Thus, the prosecutor's statements during closing argument resulted in shifting the burden of proof onto defendant.

Furthermore, and again as in *Skotland*, defendant's theory of defense did not trigger either of the two limited circumstances in which a prosecutor is permitted to comment on a defendant's failure to present or contradict evidence. In arguing that the children had been influenced by others to make erroneous disclosures of abuse, defendant was challenging whether the state could establish that he had subjected the children to sexual contact at all—an element of proving that he had committed first-degree sexual abuse. ORS 163.427.

In sum, given the presumption of innocence, the state is the only party who has the burden to prove the elements of the crime for which a defendant is charged. Therefore, when a defendant has a theory of defense based on challenging whether the state can prove an element of the charged crime, comments from a prosecutor about a defendant's failure to present evidence to support that defense theory carry a risk of confusing jurors and causing them to misapprehend and misallocate the burden of proof. Given defendant's theory here—that the state could

not establish that he had subjected the children to sexual contact (an element of the charged crime)—any suggestion that defendant had a burden to produce evidence in support of that theory goes against the fact that the state is the only party who had a burden to submit evidence on that issue. The prosecutor's statements stating that defendant "could have" presented certain evidence to support his theory of defense—that he had never sexually contacted the children and that the children had been influenced to make erroneous disclosures of abuse—suggested that defendant had the burden to prove that his version of events was true to create reasonable doubt about whether the sexual contact had occurred. Therefore, we conclude that the trial court erred when it overruled defendant's objection to the prosecutor's argument.

That said, we must determine whether, despite the error, there is "little likelihood that the particular error affected the verdict[.]" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). To be sure, as the state observes, the trial court provided a number of instructions to the jurors regarding the burden of proof. Prior to *voir dire*, the trial court informed the prospective jurors of the presumption of innocence and explained that "the burden [was] on the State to prove the Defendant's guilt beyond a reasonable doubt." Then, during the trial court's preliminary instructions to the jury, the trial court told the jury that "[a]ny defendant is innocent of any crime unless and until the State proves his or her guilt beyond a reasonable doubt." Before closing arguments, the court further instructed the jury that, "The Defendant is innocent unless and until the Defendant is proven guilty beyond a reasonable doubt. The burden is on the State, and the State alone, to prove the guilt of the Defendant beyond a reasonable doubt."

But we have previously concluded that instructions, like those above, do not go far enough to correct the particular harm that results from an argument that improperly shifts the burden of proof. *See Mayo*, 303 Or App at 538-39 (explaining that "the court's generic instructions, while clarifying that the state bore the ultimate burden of proof, failed to specifically inform the jury that defendant need not

present witnesses to corroborate his testimony to create a reasonable doubt as to whether he had knowledge of the drugs in his backpack"); *Skotland*, 326 Or App at 482 (noting that the court's generic instructions did not cure possible harm resulting from improper burden-shifting argument because the instructions "did not clarify that defendant did not need to corroborate his testimony to create reasonable doubt as to whether he knew he was a felon"); *State v. Solis*, 326 Or App 60, 63, 530 P3d 537 (2023) (stating that "[t]he court's generic instructions did not cure the misrepresentation").

Here, the trial court's instructions are virtually indistinguishable from those in *Skotland*, *Mayo*, and *Solis*, inasmuch as the instructions failed to specifically inform the jury that defendant need not cross-examine witnesses or subpoena individuals to corroborate his theory of defense to create reasonable doubt as to whether he had made sexual contact with the children. As such, those instructions were insufficient to cure the potential harm that the improper argument created.

Furthermore, the harm was also not cured by the prosecutor correctly articulating the proper allocation of the burden of proof while the prosecutor was in the midst of making the challenged statements. Although the prosecutor accurately explained that the state has "the burden of proof to put on the evidence and to prove the case beyond a reasonable doubt" and that "the [d]efendant is not required to put on any evidence," any curative value those remarks had was undermined because they were sandwiched between statements that improperly shifted the burden of proof to defendant. Therefore, the prosecutor's explanation of the burden of proof during closing argument was also insufficient to cure the harm that the improper argument created.

Lastly, we disagree with the state that the error was harmless because, given "the strength of the state's evidence[,] *** there was little risk that the jury would have found defendant guilty based on the evidence he failed to introduce." The prosecutor's argument "did not pertain to an incidental or a collateral matter." *Mayo*, 303 Or App at 539. To the contrary, the crux of defendant's defense was that the alleged sexual contact had never occurred and that the

children had been influenced to make erroneous disclosures of abuse. When the prosecutor was permitted to argue that defendant "didn't take [the] opportunity" to cross-examine or subpoena certain individuals in support of his theory of defense, the state "improperly undercut defendant's credibility in a case in which credibility was key[.]" *Id.* Therefore, the prosecutor's improper arguments were harmful to defendant's main theory of defense and, in our view, had some likelihood of affecting the jury's verdict. Accordingly, we conclude that the trial court's error in overruling defendant's objection to the prosecutor's improper argument was not harmless.

Reversed and remanded.