628　　　　　　　October 23, 2024　　　　　　　No. 755

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIK RAY DIAMOND,
*Defendant-Appellant.*

Crook County Circuit Court
22CR07189; A178864

Wade L. Whiting, Judge.

Submitted on June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for first-degree rape, ORS 163.375, and unlawful delivery of a marijuana item, ORS 475B.346(3)(b). In two assignments of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal (MJOA) on the first-degree rape charge and that it "plainly erred when it failed to declare a mistrial." As explained below, we affirm.

For purposes of this nonprecedential memorandum opinion, a detailed recitation of the facts would not benefit the parties, the bench, or the bar. Accordingly, we recite in our analysis only the facts necessary to understand our disposition of the appeal.

*Motion for judgment of acquittal.* In his first assignment of error, defendant argues that the trial court erred when it denied his MJOA because the state failed to prove the element of forcible compulsion. "We review a trial court's denial of an MJOA to determine whether, after viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. McCombs*, 330 Or App 545, 558, 544 P3d 390, *rev den*, 372 Or 718 (2024) (internal quotation marks and brackets omitted).

Under its theory of the case, the state was required to prove, among other elements, that defendant had "subjected [the victim] to forcible compulsion." ORS 163.375(a). "'Forcible compulsion' means to compel by * * * [p]hysical force." ORS 163.305(1)(a).

> "[T]o constitute 'forcible compulsion,' the physical force used by the defendant must be greater than or qualitatively different from the simple movement and contact that is inherent in the action of touching an intimate part of another. The force also must be sufficient to 'compel' the victim, against the victim's will, to submit to or engage in the sexual contact. That is, there must be a causal connection between the 'sexual contact' and 'forcible compulsion' elements. However, the force need not be violent or dominating. Significantly, the force that is sufficient to 'compel' one person to submit to or engage in a sexual contact

against his or her will may be different from that which is sufficient to compel another person to do so."

*State v. Nygaard*, 303 Or App 793, 798, 466 P3d 692, *rev den*, 367 Or 115 (2020) (internal quotation marks and citations omitted).

Having reviewed the record, we conclude that the evidence would permit a rational factfinder to find that defendant "subjected [the victim] to forcible compulsion" because the victim testified that defendant put his hands on her chest "[t]o hold [her] down" when he raped her. We therefore reject defendant's argument that the state's evidence was legally insufficient because that "physical contact was a result of the sexual contact" and the victim "did not have a bruise on that location." *See State v. O'Hara*, 251 Or App 244, 250-51, 283 P3d 396 (2012), *abrogated on other grounds by State v. Vanornum*, 354 Or 614, 317 P3d 889 (2013) (rejecting the defendant's argument that the evidence "show[ed] no more than the 'natural force' and 'mere positioning' of bodies that is associated with sexual intercourse"); *see also Nygaard*, 303 Or App at 800 (concluding that "the evidence was sufficient for the issue of 'forcible compulsion' to go to the factfinder" where the defendant forcibly moved the victim's legs to make sexual contact possible). The trial court did not err when it denied the MJOA.

*Closing argument.* In his second assignment of error, defendant argues that the trial court plainly erred "when it failed to declare a mistrial" after the prosecutor's rebuttal closing argument "improperly shifted the burden of proof to defendant by arguing that the jury should consider his failure to present evidence to support his defense as evidence of guilt."

Plain error review is a two-step process. First, we must first determine whether the error is plain. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences"). If those three elements are met, then we must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

As relevant here, the Supreme Court has explained that

"a defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial. In that situation, we have described the denial of the right to a fair trial as indicating 'plain error.'"

*State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022). "Generally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct." *Id.* "In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (emphasis in original).

During the state's rebuttal closing argument, the prosecutor stated:

"The judge told you that you can't make this—make your decision based upon guesswork or speculation, conjecture, yet that's exactly what the defense is asking you to do, focusing on that small piece. Well, what about, what if?

"[I] [w]ould submit to you that the defense also has the ability to subpoena a witness if they think they were told something different."

We conclude that defendant has not established plain error. Here, the prosecutor's statements were improper because they shifted the burden of proof to defendant. *See, e.g.*, *State v. Schneider*, 328 Or App 697, 703-04, 538 P3d 1233 (2023) (explaining that, when the defendant's theory was that the state could not establish an element of the charged crime, "[t]he prosecutor's statements stating that defendant 'could have' presented certain evidence to support his theory of defense" were improper); *State v. Mayo*, 303 Or App 525, 537-38, 465 P3d 267 (2020) ("The prosecutor's comments *** that defendant failed to provide additional evidence to corroborate his testimony" were improper.). However, having "consider[ed] *** all the circumstances," we are not persuaded that the prosecutor's statements "were so prejudicial

that an instruction to disregard them would not have been sufficiently curative." *Chitwood*, 370 Or at 312. "That is dispositive under the standard for plain-error review discussed in *Chitwood*." *State v. Babcock*, 327 Or App 358, 362, 535 P3d 345 (2023); *see also Durant*, 327 Or App at 372 ("[E]ven if the statements were improper, they are in the realm of statements that could have been adequately addressed by striking or a curative instruction. It follows that defendant has not established plain error.").

Affirmed.