No. 56          January 31, 2024          477

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN IAN SNYDER,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CR31261; A178860

Walter Randolph Miller, Jr., Judge.

Submitted November 13, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Hadlock, Judge Pro Tempore.

JOYCE, J.

Affirmed.

**JOYCE, J.**

A jury found defendant guilty of two counts of attempted second-degree assault, ORS 163.175(1)(b) and ORS 163.175(1)(a) (Counts 1 and 2); one count of unlawful use of a weapon, ORS 166.220(1)(a) (Count 3); and one count of menacing, ORS 163.190 (Count 4). The trial court merged Counts 1, 2, and 3 into a single conviction. On appeal, defendant argues that the trial court erred in denying his motion for a continuance.[1] We affirm.

On the morning of trial, defendant moved for a continuance, arguing that he needed more time to prepare—specifically, to do further investigation—because the state had disclosed additional discovery in the five days leading up to trial. The trial court denied the motion, concluding that the production of the discovery was not the type of unanticipated circumstance that required delaying trial because defendant had reason and an opportunity to do the investigation that he sought to do long before trial, and because the additional material should not have come as a surprise to defendant.

Defendant assigns error to that denial. We review a denial of a motion for a continuance for abuse of discretion, and we defer to the trial court's ruling unless the court exceeded the permissible limits of its discretion. *State v. Powell*, 322 Or App 37, 44, 518 P3d 949 (2022), *rev den*, 370 Or 740 (2023). "'[U]nanticipated circumstances' may require a trial court to grant a continuance, even on the date scheduled for trial." *State v. Sassarini*, 300 Or App 106, 117, 452 P3d 457 (2019). However, we have held that a continuance is not necessary, at least in the absence of a discovery violation,[2]

---

[1] Defendant also contends, in his second and third assignments of error, that the trial court plainly erred by failing to instruct the jury that defendant must have acted with criminal negligence with respect to the physical injury elements of the attempted second-degree assault charges. In his fourth and fifth assignments of error defendant argues that the trial court plainly erred by failing to instruct the jury that defendant must have acted with intent or knowledge with respect to the dangerous weapon elements of Count 1 of attempted second-degree assault and Count 3 of unlawful use of a weapon. We are unpersuaded that it is "obvious" for plain error purposes that the trial court erred in not instructing the jury that defendant must have acted with criminal negligence as to the attempt crimes. As to defendant's fourth and fifth assignments of error, we conclude that any instructional error was harmless on this record.

[2] In this case, as in *Sassarini*, defendant does not contend that the late disclosure was a discovery violation. 300 Or App at 118 (noting that the defendant

when defense counsel should have known of material provided shortly before trial and counsel has had an opportunity to investigate the underlying circumstances and obtain the material. *Id.* at 118-19; *cf. State v. Ferraro*, 264 Or App 271, 284, 331 P3d 1086 (2014) (holding that a trial court had abused its discretion in denying a continuance when defense counsel "had not had a reasonable period of time to prepare [defendant's] defense for trial").

Five days before trial, the state disclosed additional discovery to defendant: an analysis that established the time gap between two videos recorded by Bonfert, a state's witness; a video from 2019 of defendant telling a deputy, in the presence of the victim and a third individual who was also a state's witness, that he wanted to "beat the fuck out of" the victim because of an ongoing dispute; and a video that defendant had sent to another witness, taken on the day of the incident. The day before trial, the state also discovered four additional short videos from Bonfert's phone that showed the setting and the scene on the day of the incident.

On appeal, defendant contends that the state's disclosure of that material shortly before trial required the trial court to grant a continuance to permit defendant to investigate further. Defendant does not address each type of material separately; instead, we understand him to contend that, considered together, the state's disclosures of additional material created the type of "unanticipated circumstances" that require a trial court to grant a continuance for further defense investigation. As explained below, we disagree.

The trial court's explanation of its reasoning with respect to the key pieces of evidence undermines defendant's argument. As to the analysis of the time gap between the two videos, which defendant identified as the most important of the newly disclosed material, as the state observed before the trial court, defendant had the information on which that analysis was based—the two videos and their metadata—almost a year before trial, and the analysis merely confirmed the time gap estimated by witnesses of

"is not arguing that a continuance was required because of a discovery or *Brady* violation by the state").

whose accounts defendant also knew. In arguing the motion to continue, defense counsel also contended that he needed to, but had not, investigated the history of the previous dispute between the parties, which, he asserted, was exemplified by the 2019 video. However, defense counsel knew about that dispute from other evidence that the state had produced to defendant well before trial. As counsel appeared to acknowledge below, the new video may have caused counsel to realize that he should have conducted further investigation based on information he previously had, but it did not alert him to new or different circumstances than those he previously had time and reason to investigate. In sum, because the analysis of the length of the gap between the two videos and the 2019 video did not raise any issues that defendant had not already had reason and the opportunity to investigate, they did not constitute unanticipated circumstances that required a continuance. *See Sassarini*, 300 Or App at 117-18.

That leaves the video from defendant's phone that defendant had sent to a state's witness, as well as the four brief videos from Bonfert's phone. Defendant contends, briefly, that the trial court was incorrect insofar as it reasoned that the material did not require additional investigation because it depicted defendant's own conduct. He did not argue below and does not explain on appeal, however, how counsel lacked knowledge of or an opportunity to obtain those items or how the disclosure of those items alone amounts to unanticipated circumstances requiring a continuance.

Further, the record does not support defendant's argument that the trial court impermissibly evaluated the material and denied the motion based on a conclusion that further investigation would be futile. The trial court's reasoning was not that any new investigation would be futile, but that none of the newly disclosed material was a surprise. As explained above, that reasoning was a proper basis for the trial court to deny the motion, and under our deferential standard of review, where "we have historically been loath to second-guess trial courts' denials of motions for postponement or continuance[,]" the trial court did not abuse its

discretion in denying defendant's motion for a continuance. *State v. Kindler*, 277 Or App 242, 250, 370 P3d 909 (2016).

Affirmed.