No. 239    April 17, 2024    79

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEONTA JARMEL STRAIN,
*Defendant-Appellant.*

Washington County Circuit Court
21CR50723; A179175

Beth L. Roberts, Judge.

Argued and submitted March 14, 2024.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

In this criminal appeal, defendant argues that certain statements made by the prosecutor during closing arguments improperly shifted the burden of proof to the defense. We reverse and remand.

Defendant was charged with various sexual offenses after a woman, H, reported to the police that defendant had sexually assaulted her twice. A jury found defendant guilty of one count of second-degree sexual abuse and acquitted him of the other counts. The trial court imposed a presumptive sentence of 19 months in prison and three years of post-prison supervision, and defendant timely appealed.

All of defendant's assignments of error relate to the prosecutor's closing and rebuttal argument that implied defendant should have cross-examined certain witnesses. As a preliminary matter, the parties disagree as to whether defendant's third assignment of error is preserved for review. Defendant contends his argument is preserved, because the trial court had once overruled his objection to the prosecutor's argument that defendant failed to cross-examine a witness, so another objection on that basis would have been futile. The state responds that defendant's objection to the prosecutor's statements did not render a second objection futile, as the prosecutor's statements were directed toward different witnesses.

We agree with defendant. The prosecutor's statements were made immediately after the trial court had overruled defendant's objection on the same basis to similar prosecutorial statements. A second objection on the same grounds would have been futile. *See State v. George*, 337 Or 329, 339, 97 P3d 656 (2004) (explaining that "[o]ur requirements respecting preservation do not demand that parties make what the record demonstrates would be futile gestures"); *State v. Mayo*, 303 Or App 525, 530 n 2, 465 P3d 267 (2020) (rejecting the state's argument that the defendant failed to preserve his challenge to the prosecutor's argument because "a second objection on the same grounds would have been futile, insofar as the trial court overruled defendant's objection regarding the prosecutor's statement

concerning [one witness] immediately prior to the prosecutor making the statement concerning [another witness]").

      We turn to the merits. In his second and third assignments of error, defendant argues that the trial court erred in allowing the prosecutor to make arguments emphasizing defendant's failure to cross-examine certain witnesses.[1] Pertinent to his second assignment of error, one of the witnesses—a friend of H—testified that H told her about the alleged assaults. During closing, defendant questioned the veracity of that testimony, pointing out that there were no text messages between H and her friend about that conversation. The prosecutor, during rebuttal, responded,

> "You know [the victim] talked to the friend, because she told you, and the friend came and told you. Did the defendant ever cross about that? No. Was there any cross-examination of the friend to inquire what did she tell you and what didn't she tell you[?]"

Defendant's third assignment of error takes issue with a similar prosecutorial argument—that if H had made any statements to the investigating officer or the grand jury that were inconsistent with her trial testimony, defendant would have pointed that out in cross-examination. In responding to defendant's concern that the state did not call the investigating officer in to testify, the prosecutor stated,

> "The last thing was about in regards to Deputy Canning and something being hidden, because they didn't call Deputy Canning. The victim is the one that needs to get on the stand and tell you what happened. *** By the way, if there were something, again, there's cross-examination. You cross-examine the victim about stuff that (inaudible) Grand Jury was different. No cross-examination (inaudible) you told the officer anything that was different."

The state acknowledges that the prosecutor's statements do not fall within either of the two circumstances in which a

---

[1] In his first unpreserved assignment of error, defendant points out that the prosecutor again improperly shifted the burden when he claimed that defendant could have cross-examined the victim about why she did not seek medical treatment for her alleged injuries. Our resolution of the other assignments of error obviates the need to address this argument. As noted, however, it is improper for a prosecutor to place the burden to produce evidence on the defendant, including the burden to cross-examine the victim to negate whether the victim sustained an injury. *Mayo*, 303 Or App at 530-31.

prosecutor is permitted to comment on a defendant's failure to present or contradict evidence identified in *Mayo*, and does not make an argument for creating a new exception under which the prosecutorial statements at issue would fall. *See Mayo*, 303 Or App at 531-32 (holding that the two limited circumstances in which a prosecutor may comment on a defendant's failure to present or contradict evidence are (1) affirmative defenses, and (2) when the defense has raised an issue on which the defendant bears the initial burden of production but fails to present any evidence).

Any suggestion that defendant had a burden to produce evidence undermines the rule that the state bears the burden to submit evidence to prove defendant's guilt. The prosecutor's statements that defendant could have but did not cross-examine H or her friend suggested to the jury that defendant had the burden to prove that his version of the events was true, and the trial court therefore erred when it overruled defendant's objection to the argument. *See id.* at 537 (concluding that impermissible burden-shifting had occurred where the "prosecutor's statements that *defendant's* evidence on this point was lacking suggested defendant had the burden to produce evidence to prove that his version of events was true").

The state contends that the prosecutor was permitted to comment on defendant's failure to present evidence because defendant pointed out the state's failure to produce evidence. *See State v. Spieler*, 269 Or App 623, 641-42, 346 P3d 549 (2015) (explaining that, "when the defense makes an argument that the state has failed to present certain evidence—with the implication that such evidence would have supported the defense or undermined the state's case—the prosecutor can respond by noting that the defense has the ability to produce it"). Specifically, the absent evidence identified by the defense included text messages between H and H's friend and testimony from the lead investigating officer on the case. However, unlike in *Spieler*, the prosecutor did not argue that defendant could have produced the text messages or called the investigating officer to testify; instead, the prosecutor's statements targeted defendant's failure to cross-examine H and H's friend. And again, any suggestion

that defendant had the burden to prove that his version of the events was true through cross-examination amounts to impermissible burden-shifting. *Mayo*, 303 Or App at 537. Therefore, we reject the state's contention.

Finally, the errors were not harmless. The crux of defendant's theory of defense was that the sexual interactions with H were consensual. When the prosecutor was permitted to argue that defendant failed to cross-examine H or her friend in support of that theory, the state "improperly undercut defendant's credibility in a case in which credibility was key[.]" *Id.* at 539. The errors were harmful to defendant's main theory of defense and, in our view, had some likelihood of affecting the jury's verdict. *See State v. Schneider*, 328 Or App 697, 706, 538 P3d 1233 (2023) (concluding that prosecutorial misstatements were not harmless where the statements "were harmful to defendant's main theory of defense" and "had some likelihood of affecting the jury's verdict"). Accordingly, we reverse defendant's conviction and remand this case for a new trial.

Reversed and remanded.