No. 82 February 12, 2025 675

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN ALAN HOWARD,
*Defendant-Appellant.*

Polk County Circuit Court
22CR22227; A179917

Rafael A. Caso, Judge.

Submitted September 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction entered after a jury trial for first-degree rape, ORS 163.375; attempted first-degree rape, ORS 161.405 and ORS 163.375; attempted first-degree sodomy, ORS 161.405 and ORS 163.405; and one count of first-degree sexual abuse, ORS 163.427. Defendant raises eight assignments of error. In his first assignment of error, defendant contends that the prosecutor made impermissible burden-shifting statements, and in his second assignment of error, he contends the trial court erred when it overruled defendant's objection. Assignments of error three through eight assert that the prosecutor made prejudicial statements about facts not in evidence during closing argument. In reviewing defendant's first two assignments of error, we conclude that the prosecutor made improper statements which created a "realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019) (internal quotation marks omitted). We further conclude that the error was not harmless. Accordingly, we reverse and remand based on defendant's first two assignments of error and do not reach defendant's other arguments.

We summarize the relevant facts: On a night in September 2018, complainant, K, visited defendant's home. Defendant and his teenage son were in the home while K visited. Defendant and K used methamphetamine. At some point, K fell asleep or passed out. When K woke in the morning, her pants were around her ankles, a blanket that had not been on top of her was covering her, and defendant was gone. Later that day, K told a friend and a relative that defendant raped and sodomized her while she was unable to resist; her relative encouraged her to get a sexual assault examination and report, which she did.

At trial, the state called a number of witnesses, including K, K's relative, law enforcement officials, a lab technician who conducted DNA analysis of samples collected during K's sexual assault examination, and a nurse who conducted the exam. Defendant and his son testified for the defense, with defendant testifying that he did not

commit the crimes for which he was charged. During closing arguments, the prosecutor made the following statements, to which defendant objected in part:

> "The other part—another jury instruction says do not decide this case on guesswork, conjecture, or speculation. That is exactly what the defendant offers. Now, don't get me wrong, it is the state's burden to prove this case. *Defendant doesn't have to put on a case. That's true. But he did. He chose to take the stand.* That's what you got out of it. That's the big defense.

> "[Prosecutor]: Guesswork, conjecture, speculation. *Where were all these other people that he—these names that were thrown around? Does he have any evidence—*

> "[Defense counsel]: Judge, I'm going to object. We don't have a burden of proof here. I don't think she can—

> "The Court: Overruled.

> "[Prosecutor]: *—who has entered the evidence here in this case? The state has. Just keep that in mind.*"

(Emphases added).

Defendant did not renew his objection after that last statement. After closing arguments concluded, the trial court provided final instructions to the jury. The instructions included statements about each charge and that "the state must prove beyond a reasonable doubt the following elements," listing each element for each charged crime. Defendant was convicted of four counts of sexual offenses and acquitted of three.

On appeal, in his first assignment of error, defendant argues that the prosecutor erred when she stated, in reference to defendant, "Does he have any evidence," and "who has entered the evidence here in this case? The state has. Just keep that in mind." In his second assignment of error, defendant claims that the trial court erred when it overruled defendant's burden-shifting objection.

The state contends that defendant's argument is only preserved with regard to the portion of the prosecutor's statements made prior to defendant's objection, and that any error which may be contained in the prosecutor's statement

following the court's overruling may only be reviewed for plain error. We are unpersuaded by that argument and note that "the purpose of the preservation rule is a practical one" requiring a party to provide an explanation of their position specific enough to ensure that the claimed error can be identified with enough clarity to permit consideration. *State v. Amaya*, 336 Or 616, 629, 89 P3d 1163 (2004) (citing *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)). Furthermore, this court rejected a similar argument from the state in *State v. Mayo*, 303 Or App 525, 530 n 2, 465 P3d 267 (2020) (addressing a similar sequence of burden-shifting statements with an overruled objection in the middle, and citing a number of cases illustrating that "[o]ur requirements respecting preservation do not demand that parties make what the record demonstrates would be futile gestures." *State v. George*, 337 Or 329, 339, 97 P3d 656 (2004)). The ends of preservation were met in this case.

Generally, "[w]e review a trial court's decision to overrule an objection to closing arguments for abuse of discretion." *Totland*, 296 Or App at 531. "[W]e review whether "the prosecutor misstated the law during closing arguments for legal error." *State v. Starr*, 337 Or App 682, 686, ___ P3d ___ (Feb 12, 2025).

"If 'an argument was improper, properly challenged, and likely to prejudice the jury unfairly, upon review, we must reverse.'" *Mayo*, 303 Or App at 530 (quoting *Totland*, 296 Or App at 531). In arguing to the jury, a prosecutor "must not inappropriately characterize the jury's fact-finding function in a manner that raises some realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *Totland*, 296 Or App at 531 (internal quotation marks omitted). It is allowable for a prosecutor to "explain[] to the jury the state's view of the evidence and explain[] why the evidence should lead the jurors to conclude that the state has proved its case against [a] defendant." *State v. Martinez*, 335 Or App 103, 105, 557 P3d 556 (2024). It is improper for a prosecutor to "discuss[] the evidence in a way that leads the jurors to believe that defendant bears the burden to disprove the state's case." *Id.* at 106. "[G]eneric instructions—that defendant was presumed innocent until

proven guilty beyond a reasonable doubt and that the burden was on the state to so prove—d[o] not provide guidance as to the longevity of the presumption of innocence, such as to remove confusion about whether the presumption of innocence extend[s] through jury deliberations." *State v. Worth*, 231 Or App 69, 79, 218 P3d 166 (2009), *rev den*, 347 Or 718 (2010).

ORS 136.415 provides that "[a] defendant in a criminal action is presumed to be innocent until the contrary is proved. In a case of a reasonable doubt whether the guilt of the defendant is satisfactorily shown, the defendant is entitled to be acquitted." It is one of the most basic and important precepts of our legal system that "[t]he law presumes every defendant upon trial charged with crime to be innocent, and it devolves upon the prosecution to prove by evidence to the satisfaction of the trial jury beyond a reasonable doubt, that the defendant committed the crime charged in the indictment," *Mayo*, 303 Or App at 530 (internal quotation marks omitted).

Consistent with the foregoing principles, as a general matter, it "is improper for a prosecutor to comment on a defendant's failure to present evidence at trial." *State v. Dumdei*, 337 Or App 246, 251, ___ P3d ___ (2025). But we have recognized that "a prosecutor may comment on a defendant's failure to present evidence (1) of affirmative defenses, and (2) when the defense has raised an issue on which the defendant bears the initial burden of production but fails to present any evidence." *State v. Arena*, 336 Or App 291, 294, 560 P3d 757 (2024) (citing *State v. Strain*, 332 Or App 79, 80, 548 P3d 169, *rev allowed*, 372 Or 763 (2024) and *Mayo*, 303 Or App at 532). Additionally, "a prosecutor may be permitted to comment on a defendant's failure to present evidence when a defendant makes an argument that the state has failed to present certain evidence—with the implication that such evidence would have supported the defense or undermined the state's case." *Id*. At 295 (internal quotation marks omitted). In that latter circumstance, a "prosecutor can respond by noting that the defense has the ability to produce that evidence." *Id*. (internal quotation marks omitted).

But, whereas here, when the burden of proof rests with the state, it is improper for a prosecutor to suggest that the defendant carries a burden to submit evidence, *Totland*, 296 Or App at 530-31, or to invite "the jury to convict defendant for failing to call witnesses to create a reasonable doubt." *Mayo*, 303 Or App at 537. At bottom, a prosecutor's statements that create a realistic possibility of confusing the jurors about the ultimate standard or burden of proof are improper. *Totland*, 296 Or App at 531.

In this case, when the prosecutor said, "Where were all these other people that he—these names that were thrown around? Does he have any evidence—" and followed up by saying "—who has entered the evidence here in this case? The state has. Just keep that in mind," she created a realistic possibility of confusing the jurors about the foundational assumption of innocence and the state's burden of proof. We think the prosecutor's comments, in context, both suggested that defendant carried the burden to submit evidence and invited the jury to convict defendant for failing to call witnesses to create a reasonable doubt.

The state accurately points out that "a prosecutor is expected to be a zealous advocate for the public" and may "urge the jury to draw any and all legitimate inferences from [the] evidence." *State v. Sperou*, 365 Or 121, 135, 442 P3d 581 (2019) (internal quotation marks omitted). However, the words used by the prosecutor in this case emphasized that, in the state's view, defendant did not provide any evidence. Such statements do not invite the jury to specifically assess defendant's credibility and the credibility of other defense witnesses; rather, the prosecutor's statements improperly invited jurors to consider lack of evidence from defendant as evidence of guilt or wrong-doing.

Having determined that the prosecutor made improper statements, we must now analyze whether the error at trial "prejudice[d] the jury unfairly." *Mayo*, 303 Or App at 530 (citing *Totland*, 296 Or App at 531). "We must reverse when it is clear that an argument was improper, properly challenged and likely to prejudice the jury unfairly." *State v. Rosenbohm*, 237 Or App 646, 649, 241 P3d 344 (2010) (internal quotation marks omitted).

When the trial court overruled defendant's objection about improper burden-shifting, the jury may have been led to believe that the prosecutor provided an accurate statement of the law, or that it was proper to suggest that defendant needed to submit evidence. After the objection was overruled, the prosecutor made an additional improper statement. In context, we think that the exchange likely undermined the jury's understanding of the ultimate standard or burden of proof. *See Starr*, 337 Or App at ___ (slip op at 10-11) (analyzing a similar error and determining the error was not harmless when "[c]onsidering the prosecutor's comment in context"). Thus, the trial court's error in overruling defendant's objection was not harmless. Accordingly, we reverse and remand.

Reversed and remanded.