No. 358 April 23, 2025 61

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRADLEY PUTNAM,
*Defendant-Appellant.*

Marion County Circuit Court
20CR48722; A180061

Donald D. Abar, Judge.

Argued and submitted March 10, 2025.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment of conviction following a jury trial, for 12 counts of sexual offenses against two children. In defendant's first assignment of error, he asserts reversal is necessary due to impermissible statements made by the prosecutor during closing argument. In his second assignment of error, defendant argues that the trial court erred in denying his motion to continue the trial due to the state's failure to turn over certain evidence in a timely manner, resulting in an insufficient opportunity to investigate that information before trial. For the reasons provided below, we affirm.

Defendant's first assignment of error is unpreserved, and he requests plain error review. We have discretion whether to review unpreserved arguments for plain error. *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id.* at 629. "[A]n unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived defendant of a fair trial"; that is, "if the defendant had made a motion for a mistrial, the trial court would have erred, as a matter of law, in denying it." *State v. Chitwood*, 370 Or 305, 312-314, 518 P3d 903 (2022). A prosecutorial comment—even if improper or impermissible—does not constitute plain error unless the comment was "so prejudicial that an instruction to disregard [it] would not have been sufficient[]" to ensure that the defendant received a fair trial. *State v. Pierpoint*, 325 Or App 298, 303, 528 P3d 1199 (2023). We review "statements made by a party during argument in context, not in a vacuum." *State v. Mayo*, 303 Or App 525, 530, 465 P3d 267 (2020).

Defendant was the pastor of a church he ran out of his home. The victims—one of whom was counseled by defendant through his church and the other was one of his daughters—were close in age and close friends throughout their teenage years, during the time when the abuse occurred. Both victims are now in their 30's, and the investigation against defendant

commenced after one of the victims disclosed childhood sexual abuse by defendant to a therapist, who then made a report to the Department of Human Services (ODHS). During trial, the state presented evidence including the testimony of both victims, defendant's former spouse and an investigating law enforcement officer, as well as photographs and medical records. Defendant did not testify and called two witnesses—his son and a stepsister of one of the victims.

During closing argument, the prosecutor argued the case was a "simple" one and that in order to find defendant guilty, the jury needed to find the state's main witness believable. Portions of the prosecutor's closing argument that are challenged by defendant include:

"That's where your analysis begins and ends. Do I believe [the victim]? And when the defense gets up here and delivers its closing argument, it is necessarily going to have to argue that she lied, that she made this up, that this never happened to her, because the defendant said it didn't.

"* * * * *

"[She] did not make this up. She did not fabricate this. She does not have a bias or a motive to the extent that she fabricated incident after incident after incident of the defendant controlling her, taking her childhood away from her, repeatedly sexually abusing her, to the point where she at 20 years of age just had to escape, had to cut it off, had to get out.

"* * * * *

"He's getting a child to beg to continue to counsel her, a guy who—let's be clear—has no counseling experience whatsoever, has no counseling training whatsoever.

"And do you know how you know that? Because they didn't give you any evidence that he had any counseling certificate, counseling licensure. And they presented evidence to you. It sure didn't include that.

"* * * * *

"And, as she was going there every day, the defendant incrementally, as sexual offenders of children will do, begins to test the waters.

"* * * * *

"Those were sexual experiences that he created for her. That is not evidence of fabrication. That's not evidence of someone lying and making up stories. You don't conjure that stuff out of thin air."

During the state's rebuttal closing argument, the prosecutor also said, "If you're confused at this point, that's understandable because when the defense has no defense, they try to confuse you."

Defendant's closing argument focused on the investigation being "truncated," that "[t]he system, the investigation failed [defendant], failed [both victims], failed you, as jurors, failed everyone in here." Defendant's theory of the case included pointing out reasons the victims had bias or motive against defendant, as well as the investigation leaving "stones unturned" because the statute of limitations was about to run out.

In his first assignment of error, defendant contends that the excerpts of prosecutor statements provided above include impermissible vouching, burden shifting, facts not in evidence, and improper statements about defense counsel. Considering each challenged statement in context of the closing arguments and the trial record as a whole, we conclude that some of the prosecutor's statements were improper, but that those statements were curable and did not deprive defendant of a fair trial. *Chitwood*, 370 Or at 313-14 (concluding "to establish legal error, a defendant who seeks review of an unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived the defendant of a fair trial").

We determine that the challenged "impermissible vouching" statements—including that the state's main witness did not fabricate her testimony about repeated sexual abuse—were not problematic in context. The prosecutor's comments do not suggest that the prosecutor was sharing her own view of the witness's truthfulness; rather, the prosecutor was arguing that the victim was credible based on her testimony and other evidence. *State v. Sperou*, 365 Or 121, 135, 442 P3d 581 (2019) (counsel may make arguments to the jury about witness credibility based on, for example, "the witness's demeanor and testimony"); *cf. State v.*

*Montgomery*, 327 Or App 655, 658-60, 563 P3d 627 (2023), *rev den*, 371 Or 825 (2024) (prosecutor engaged in impermissible vouching by repeatedly saying defendant lied during trial).

We determine that a portion of the challenged "burden shifting" statements were improper. Specifically, by stating, "[b]ecause they didn't give you any evidence that he had any counseling certificate, counseling licensure. And they presented evidence to you. It sure didn't include that," the prosecutor impermissibly suggested that defendant had a burden of proof or persuasion, despite the fact that the burden rested solely with the state.[1] *See State v. Starr*, 337 Or App 682, 687, 564 P3d 933 (2025) (trial court erred when it overruled objection to prosecutor's argument that "[d]efendant never actually presented a bottle or even a prescription tape" regarding Xanax that defendant testified he had taken).

We determine that the prosecutor's statement about what "sexual offenders of children will do" is not supported by evidence in the record. There was no testimony or evidence related to general behaviors or tactics employed by child sex abusers, thus, it was improper for the prosecutor to rely on such a characterization during closing argument.[2] *See State v. Morehead*, 307 Or App 442, 449, 477 P3d 462 (2020) (explaining that it is impermissible to reference facts outside of evidence).

We determine that the prosecutor's remarks about defense counsel during rebuttal—"If you're confused at this point, that's understandable because when the defense has no defense, they try to confuse you"—could have impermissibly "encourage[d] the jury to decide the case on an improper basis." *Chitwood*, 370 Or at 315; *see State v. Brunnemer*, 287

---

[1] Although a prosecutor may be permitted to comment on a defendant's failure to present evidence in certain circumstances, none of those circumstances are applicable in this case. *State v. Howard*, 337 Or App 675, 679, 564 P3d 494 (2025) (describing circumstances under which a prosecutor may be permitted to comment on a defendant's failure to present evidence).

[2] To the extent that defendant contends the use of "sexual offenders of children" was improper because, as used by the prosecutor, the phrase implied defendant had previously met a legal definition of "sex offender" pursuant to ORS 163A.005(6), we reject that argument. We reject it because that argument is not consistent with how the phrase was used in context.

Or App 182, 188, 401 P3d 1226 (2017) (concluding that, with regard to a comment made by the prosecutor during rebuttal, "the prosecutor improperly urged the jury to find defendant guilty based, not exclusively on the strength of the state's evidence, but on a desire to punish defense counsel").

Although, as noted above, several of the prosecutor's statements were improper, none supports a remedy of reversal because the challenged statements were not so prejudicial as to result in an unfair trial—had defendant objected, the trial court could have stricken the improper remarks made by the prosecutor and provided one or more curative instructions. *See State v. Martinez*, 335 Or App 103, 107, 557 P3d 556 (2024) ("As we explained in *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), 'prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial.'" (Emphasis in *Durant*.)). Likewise, had defendant timely moved for a mistrial based on the challenged statements, it would not have been an abuse of discretion for the trial court to deny the motion. *Id.*

Defendant also contended at oral argument that the prosecutor's statements cumulatively resulted in an unfair trial for defendant. Given that there were no objections about the prosecutor's closing and rebuttal arguments in the trial court and minimal briefing on how the statements worked together to deny defendant a fair trial, and that it is not obvious to us from state of the record that defendant was denied a fair trial, we decline to address that issue in a plain error posture. *See State v. Kamph*, 297 Or App 687, 694-95, 442 P3d 1129 (2019) ("We rely on parties to frame the contours of the legal issues presented in a case," and it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself." (Internal quotation marks omitted)).

In his second assignment of error, defendant asserts that the trial court erred by denying his motion to continue. Defendant contends that the state provided a ODHS report that may have provided information about the primary victim's bias or possibly led to exculpatory evidence roughly

two weeks before trial—which was untimely and did not provide defendant sufficient time to investigate before trial was to begin. Both parties were heard on the motion to continue, and the trial court denied defendant's motion. The state responds that the trial court did not err, because the ODHS report in question was referenced and summarized in discovery material that was provided to defendant nearly two years earlier, and that defendant could have subpoenaed ODHS records at any time.

We review a court's denial of a defendant's motion to continue for abuse of discretion. *State v. Brockway*, 330 Or App 640, 644, 544 P3d 433 (2024). "[D]efense counsel must be given a reasonable amount of time to prepare for the defendant's trial." *State v. Ferraro*, 264 Or App 271, 281, 331 P3d 1086 (2014). "[A] continuance is not necessary, at least in the absence of a discovery violation, when defense counsel should have known of material provided shortly before trial and counsel has had an opportunity to investigate the underlying circumstances and obtain the material." *State v. Snyder*, 330 Or App 477, 478-79, 543 P3d 749, *rev den*, 372 Or 437 (2024) (footnote omitted).

The record reflects that defendant had access to a summary of the ODHS report approximately two years before trial, and we agree with the state that the summary of the report would have put defendant on notice of the need to investigate the report. Furthermore, it is common practice to subpoena ODHS records in sexual abuse cases involving children. *See, e.g.*, *State v. Guffey*, 291 Or App 729, 732-33, 422 P3d 293 (2018) (case involving such subpoenas). Because defendant had notice of and an opportunity to further investigate the ODHS report for nearly two years before trial, the trial court did not abuse its discretion by denying defendant's motion for a continuance.

Affirmed.