No. 1068          December 10, 2025          589

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL WILLIAM EVANS,
*Defendant-Appellant.*

Marion County Circuit Court
22CR55300; A182930

Natasha A. Zimmerman, Judge.

Argued and submitted October 14, 2025.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals a judgment of conviction for two counts of unlawful use of a weapon (Counts 1 and 3), ORS 166.220; one count of menacing (Count 2), ORS 163.190; one count of unlawful possession of a firearm (Count 4), ORS 166.250; and one count of contempt of court (Count 5), ORS 33.065. Defendant raises six assignments of error. In his first assignment, defendant contends that the trial court erred when it denied defendant's motion for judgment of acquittal on Count 2, menacing. In his second through sixth assignments, defendant contends that the trial court erred when it permitted the prosecutor to make certain arguments to the jury during closing argument. We affirm.

*Defendant's First Assignment of Error.* Defendant first argues that the trial court erred when it denied his motion for a judgment of acquittal on Count 2 because there was insufficient evidence from which the jury could determine that "defendant intended to place [H] in fear of imminent serious physical injury as required for his menacing conviction." Specifically, as defendant sees it, the "evidence was not sufficient to establish a non-speculative inference, as required for proof beyond a reasonable doubt, that defendant intended to place [H] in fear of imminent serious physical injury."

We review the denial of a motion for a judgment of acquittal "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Hejazi*, 323 Or App 752, 754-55, 524 P3d 534 (2023). As defined in ORS 163.190(1), "[a] person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." "It bears emphasis that the statute requires proof of an *intent* to create fear, not that the actor create actual fear in a victim." *State v. Lee*, 174 Or App 119, 125, 23 P3d 999, *rev den*, 332 Or 559 (2001) (emphasis in original).

Here, viewing the evidence in the light most favorable to the state, we agree with the trial court that a rational

trier of fact could find that defendant intended to cause his then-girlfriend—H—to fear imminent serious physical injury. That evidence includes testimony from one witness, T, that she called 9-1-1 as she was driving home because she saw defendant point a revolver at a woman (H) for several seconds before placing the gun back into his pocket. T testified that defendant was pointing the gun at H's back as she faced away from him, but H turned to face him, and he was still pointing the gun at her when she was facing him. And although defendant put the gun back into his pocket when he saw T driving passed him and H, and although H testified that she did not recall defendant pointing a gun at her, a rational trier of fact could conclude from defendant's conduct—pointing a gun at H while they were walking down the street and keeping it pointed at her while she turned around to face him—that he intended to place H in "fear of imminent serious physical injury."

*Defendant's Second and Third Assignments of Error.* In defendant's second and third assignments of error, he argues that certain comments made by the prosecutor "improperly urged the jury to find defendant guilty on an improper basis by appealing to the jurors' emotions." Defendant contends that "the second assignment of error was expressly preserved and that the purposes of preservation were met for the third assignment of error." The state disagrees that defendant preserved his second and third assignments of error.

Assuming without deciding that defendant's challenges to the prosecutor's statements identified in his second and third assignments of error are preserved, we agree that some of the prosecutor's comments pointed to by defendant on appeal were improper, *see State v. Muniz*, 332 Or App 56, 60, 548 P3d 172 (2024) (describing improper appeal to juror's emotions), but that the error in permitting the comments was ultimately harmless in the context of this case. That is, we do not think the improper comments defendant has identified in his second and third assignments of error were likely to have "prejudice[d] the jury unfairly." *State v. Howard*, 337 Or App 675, 680, 564 P3d 494 (2025) ("If an argument was improper, properly challenged, and likely to

prejudice the jury unfairly, upon review, we must reverse." (Internal quotation marks omitted.)).

In reaching that conclusion, we note that the comments identified in the second and third assignments of error that were improper were brief and that, although the comments improperly appealed to the jury's emotions, immediately after making the comments—and shortly after a sidebar about the comments—the prosecutor told the jury not to convict on that basis, but to convict defendant based on what the "evidence shows" that defendant did. Further, the comments identified in defendant's second and third assignments of error did not relate to the "jury's understanding of the ultimate standard or burden of proof" it must apply, *cf. id.* at 681 (comments not harmless where they "likely undermined the jury's understanding of the ultimate standard or burden of proof"), nor did they involve a misstatement of the law or a comment on defendant's exercise of his constitutional rights.

Thus, having reviewed the record, including the argument and evidence, we conclude that there is little likelihood that the error identified in defendant's second and third assignments of error affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (noting that, under Article VII (Amended), section 3, of the Oregon Constitution, an appellate court will affirm a judgment if there is "little likelihood that the particular error affected the verdict.").

*Defendant's Fourth Through Sixth Assignments of Error.* In defendant's fourth through sixth assignments of error, he contends that the trial court erred in permitting the prosecutor to make certain arguments during closing argument. Because those assignments are unpreserved, we review for plain error.

Having reviewed the record in this case, we conclude that, even if the prosecutor's arguments identified in his fourth through sixth assignments of error were improper—an issue we do not decide—we conclude that it would not have been an abuse of discretion for the trial court to have denied a motion for a mistrial based on the prosecutor's argument if one had been requested. Thus, defendant has not established plain error. *See State v. Chitwood*, 370 Or 305, 312-14,

518 P3d 903 (2022) ("[A]n unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived defendant of a fair trial"; that is, "if the defendant had made a motion for a mistrial, the trial court would have erred, as a matter of law, in denying it."); *State v. Durant*, 327 Or App 363, 372, 535 P3d 808 (2023) ("[E]ven if the statements were improper, they are in the realm of statements that could have been adequately addressed by striking or a curative instruction. It follows that defendant has not established plain error.").

Affirmed.