No. 348 April 29, 2026 149

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CASSIE LEIGH HOBERECHT,
*Defendant-Appellant.*

Crook County Circuit Court
23CR31862; A184599

Daina A. Vitolins, Judge.

Submitted March 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for fourth-degree assault after a jury trial.[1] She asserts in a single assignment of error that the court plainly erred by failing to *sua sponte* declare a mistrial after the prosecutor made three comments during closing argument that defendant contends constituted burden-shifting and that misstated the reasonable-doubt standard of proof. The state responds that the trial court sustained defendant's objections to the first two comments; thus, the jury was presumed to have disregarded them. As to the third comment, the state responds that nothing in the case law suggests that it was improper, let alone so prejudicial as to deprive defendant of a fair trial. For the reasons explained here, we conclude that defendant has not presented reversible error and therefore affirm defendant's conviction of fourth-degree assault.

Defendant's charges arose out of a domestic dispute in which it was alleged that defendant punched the victim, her fiancé. At trial, the victim testified that defendant punched him in the mouth after he smashed her finger in a doorway. Defendant did not testify. But in a recording of her interview with an investigating officer, which the jury heard, defendant adamantly denied having punched the victim.

During closing argument, the prosecutor made three comments that defendant contends improperly shifted the burden of proof or improperly commented on defendant's decision not to testify:

First, the prosecutor argued, "No one testified that anything contrary to what [the victim] testified ***[.]" Defense counsel interrupted the prosecutor with an objection, contending that the statement shifted the burden of proof. The trial court sustained defendant's objection. The prosecutor then told the jury that the state had the burden of proof. Defense counsel did not ask for, and the trial court did not give, a curative instruction.

The prosecutor subsequently stated: "Now, what is reasonable doubt? Reasonable doubt is an alternative story,

---

[1] The jury acquitted defendant of one count of harassment and one count of second-degree disorderly conduct.

a plausible alternative version." Defense counsel objected, arguing that that was not a correct statement of "reasonable doubt." After colloquy outside the presence of the jury, the court sustained defense counsel's objection, and then told the jury that the objection was sustained. Defense counsel did not ask for, and the trial court did not give, a curative instruction.

The prosecutor concluded argument by stating, "The evidence is uncontroverted that she hit him. And that's all I have for you." Defense counsel did not object or request a curative instruction.

On appeal, defendant asserts that the trial court committed plain error by failing to declare a mistrial after the prosecutor made the above-described statements.

Because defendant's arguments are unpreserved, under *State v. Chitwood*, 370 Or 305, 314-15, 518 P3d 903 (2022), we first ask whether the prosecutor's statements were obviously improper or impermissible. If the statements were obviously improper or impermissible, we then assess whether it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial. *Id.* at 312. That is, the prosecutor's remarks must have been so egregious that a curative instruction would not have been sufficient to assure the court that defendant was receiving a fair trial, and that, if defendant had moved for a mistrial, the trial court would have erred as a matter of law in denying it. *Id.*; *see also State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), *rev den*, 374 Or 143 (2025) ("[W]hen a prosecutor makes improper statements at trial, and the defendant does not object, we may reverse on plain-error review only if the statements were so egregious that striking them or giving a curative instruction would have been insufficient.").

We address each of the challenged statements in turn. The trial court correctly sustained defendant's objection to the prosecutor's first challenged comment that no one had testified contrary to the victim's testimony. Although the comment was accurate based on the record because there was no "testimony" to contradict the victim's testimony, it was nonetheless improper, because it could have been understood

by the jury to imply that defendant should have offered testimony contrary to the victim's testimony. *See State v. Howard*, 337 Or App 675, 680, 564 P3d 494 (2025) ("[W]hen the burden of proof rests with the state, it is improper for a prosecutor to suggest that the defendant carries a burden to submit evidence[.]"). The comment might also have been understood as an improper comment on defendant's decision not to testify. But despite the improper implications of the comment, we cannot say that the comment was so egregious that a curative instruction would not have been sufficient to assure the court that defendant was receiving a fair trial, and that it would have been an error of law for the trial court to have denied a motion for mistrial. Indeed, the court sustained defendant's objection, which indicated to the jury that they could not consider the prosecutor's comment. The prosecutor then accurately told the jury that the state had the burden of proof. Had defendant requested an instruction, the court could have told the jury to disregard the comment, and the jury would have been required to do so.

As to the second statement—the prosecutor's description of the reasonable-doubt standard as requiring defendant to provide an "alternative story, a plausible alternative version"—we agree with defendant that it was not a legally correct statement of the law. And like the first statement, it could have been understood to incorrectly imply that defendant had a burden to present an alternative set of facts. And, again, the trial court correctly sustained defendant's objection to the statement. *Chitwood*, 370 Or at 317. But like the first improper comment, we cannot say in these circumstances that the comment was so egregious that a curative instruction would not have been sufficient to assure the court that defendant was receiving a fair trial, and that it would have been an error of law for the trial court to have denied a motion for mistrial. Like the first comment, an instruction by the court could easily have corrected the prosecutor's comment by explaining the reasonable-doubt standard.

As to the third statement, we agree with defendant that, because there was evidence, in the form of defendant's recorded statement to the investigating officer, that defendant did not punch the victim, it was inaccurate for the

prosecutor to argue that "[t]he evidence is uncontroverted that she hit him." Defendant's recorded statement denying that she had hit the victim was some evidence controverting the victim's testimony. But once again, we conclude that the prosecutor's comment was not sufficiently prejudicial such that a curative instruction could not have assured the trial court that defendant was receiving a fair trial. Had an objection been raised, the court could have ordered the prosecutor to correct the statement and the jury could have been reminded of defendant's recorded statement, which was evidence before the jury.

Defendant contends that, collectively, the three improper comments together require the conclusion that defendant did not receive a fair trial. But the comments themselves, although separately improper, were not so egregious that they could not have been cured. *See State v. Perez*, 373 Or 591, 605, 568 P3d 940 (2025) ("[T]o be an error of law, the effect of the prosecutor's improper argument must have been to deny the defendant a fair trial, which required a defendant to establish that the trial court's only lawful option—had the defendant objected—would have been to declare a mistrial, because no curative instruction would have been effective."). Each of the improper comments could have been corrected by the court had defendant sought a correction. We cannot conclude that a correction would have been insufficient to assure the trial court that defendant was receiving a fair trial. We therefore conclude that there was no plain error in failing to *sua sponte* order a mistrial.

Affirmed.